## Newberg & Anderson *v.* Warren Cowan.

1. Use and Occupation. *Action therefor.* *Section* 1323, *Code* 1880, *construed.* ·
   Under section 1323 of the Code of 1880, which authorizes "any landlord, when there is no contract, to recover in an action for use and occupation a reasonable satisfaction for lands, tenements, or hereditaments, held or occupied by the defendant," it is not necessary that such action be supported by an implied contract, but a recovery may be had if the defendant, while occupying or enjoying the property, recognized the plaintiff's title thereto and claimed no adverse rights.

2. Same. *Measure of recovery therefor.* *Character of evidence, under statute.*
   The plaintiff, in such action, cannot recover more than the "reasonable satisfaction" provided for in the statute above referred to, by showing that the property was peculiarly valuable to the defendant; nor can the defendant defeat a recovery by showing that if he had not occupied the property it would have remained vacant and profitless.

Appeal from the Circuit Court of Warren County.

Hon. Ralph North, Judge.

This action was brought by Warren Cowan against Newberg & Anderson before a justice of the peace, upon a demand of one hundred and fifty dollars for the use and occupation of a landing on Big Black River and the use of a private road leading thereto through the lands of the plaintiff. The justice of the peace rendered a judgment for the plaintiff, and the defendants appealed to the circuit court, where, by consent of the parties, the case was tried by the judge. The proof showed that there was no contract, expressed or implied, on the part of the defendants to pay for such use and occupation, but that the defendants recognized the plaintiff's title to the property whose use and occupation is sued for, and claimed no rights adverse thereto. Much of the evidence adduced by the plaintiff was directed to showing the peculiar value of the road and landing to the defendants, who were engaged in the business of making and shipping staves. And, on the other hand, the defendants introduced evidence to show that the place which the plaintiff styled a landing had never been used as such except by

them, that the plaintiff could not have leased it or let it to any other person, and that neither it nor the road used by defendants had been damaged.

The circuit judge rendered a judgment in favor of the plaintiff for the full amount of his demand. , Thereupon the defendants appealed to this court.

Section 1323 of the Code of 1880, relating to the "Action for use and occupation," is in the following language : " Any landlord, where the agreement is not in writing, or when there is no contract, may recover a reasonable satisfaction for the lands, tenements, or hereditaments held or occupied by the defendant, in an action for the use and occupation of what was so held or enjoyed ; and if there shall appear in evidence on the trial of such action any demise or agreement, the plaintiff in such action shall not therefor be non-suited, but may make use thereof as evidence of the amount of damages to be recovered."

*J. M. Gibson,* for the appellants.

We contend that plaintiff below, or appellee, is not entitled to recover for use and occupation of the road and the acre on the river, since he has failed to show that the relation of landlord and tenant existed between himself and appellants.

In support of this we cite Taylor's Landlord and Tenant, § 636, and the case of *Scales* v. *Anderson,* in 26 Miss. 84, and the cases cited therein. *Mhoon* v. *Greenfield,* 52 Miss. 434. There was no express or implied contract in this case as to the use of the road and landing so-called. *Allison* v. *Chandler,* 11 Michigan 542. Suit for use and occupation carries with it the predicate of an implied contract to pay rent.

We contend it was error to treat the premises herein, for which rent is sought, as a landing, and entitling the appellee to special recompense by way of rent for its use. He admits it never was used as a landing. That he could not have rented it for any purpose or any sum at all. And the only way for the court to arrive at an estimate of what this acre was worth was to compare the same with the rent of the adjoining cultivated land. The field, Judge Cowan says, rented for five dollars an acre per annum. For the

spot he could not rent he wants five dollars per month.        1 Waterman on Trespass, § 111.

*Warren Cowan,* appellee, *pro se.*

There is no dispute about the facts that the appellants used the road for hauling staves and supplies to and from the river, and that the landing was used for the time charged by appellants for storing and shipping staves without appellee's knowledge or consent, and that they refused to pay appellee anything for the use of the road and landing.

The value of the use of the road and landing is not disputed by a *single witness,* not even the defendant Newberg, who testifies in his own behalf.    The appellee's statement of the value of the use and occupation of the road and landing is the *only statement of the value* in the case.    It is not disputed or contradicted by a single witness. The judgment should be affirmed.

COOPER, J., delivered the opinion of the court.

The rule that an action for use and occupation may be maintained on a contract expressed or implied, not under seal, has been held not to apply unless the occupancy was with the consent of the owner, upon the ground that such assent was necessary to the creation of an implied contract of tenancy.    The object of § 1323 of the Code of 1880 is to give the right in all cases where possession is held in recognition of and not adversely to the title of the owner, and it is not necessary that there should be an implied contract arising from the consent of the owner and the expectation of the occupant to pay.    The statute fixes upon the occupant of the land of another an obligation to pay so much as is reasonable for the use thereof, whether the owner knows of or consents to such occupancy or not.    But the measure of recovery is the " reasonable satisfaction for the land, etc., held or occupied by the defendant," and not what the peculiar circumstances of the occupant may make the land worth to him.    One occupying the lands of another cannot defeat a recovery by the owner by proving that if he had not occupied them they would have remained vacant, nor can the owner recover more than the " reasonable satisfaction " allowed by the statute, because

to the occupant, situated as he was, the occupancy was worth more. It is evident that in the case at bar the inquiry was as to the value of the land to the occupant. All the evidence was directed to this point, and nothing was shown of the real value on the basis indicated.

*The judgment is reversed and the cause remanded for a new trial.*