## B. R. INMAN ET AL. *v.* F. J. MORRIS.

USE AND OCCUPATION. *Action for adverse possession.*

An action for use and occupation cannot be maintained against a person who holds possession adversely to plaintiff.

APPEAL from the Circuit Court of Wilkinson County.

HON. J. B. CHRISMAN, Judge.

This action was brought by B. R. Inman, L. A. Inman, and Emily J. King against Mrs. F. J. Morris, before a justice of the peace, upon a demand of one hundred and twenty dollars for the use and occupation of a certain tract of land for the year 1884. The justice of the peace found for the plaintiffs, and the defendant appealed to the circuit court. The verdict of the jury in the circuit court was as follows : " We, the jury, find for plaintiffs as to ownership of the land, without rent for 1884." The plaintiffs appealed to this court. It was shown on the trial that the husband of Mrs. Morris had, in 1869 or 1870, cleared the land in question, built houses and fences thereon, and otherwise improved it ; that he lived thereon and remained in possession of it until his death. Mrs. Morris testified that she had lived on the land since her husband's death in 1881, and had claimed title to it through her husband. The plaintiffs showed a proper title to the land. And one W. H. Curry testified that George M. Morris, the deceased husband of defendant, in his lifetime said to witness that he " intended to buy all of the tract of land belonging to plaintiffs lying west of the Natchez road, about one hundred acres." It was admitted that the land in controversy is a part of the one hundred acres so spoken of. This is substantially all the proof that was introduced.

*J. H. Jones* and *D. C. Bramlett,* for the appellants.

It is a well-settled principle that to secure a title by prescription the possession must be open, notorious, and adverse to the world, which is not the case here. See testimony of witness Curry of the declarations of George M. Morris, which were made within ten years from the time of his first occupancy in 1870 ; see case of *Hale* v. *Silloway,* 1 Allen (Mass.) 21.

*Isaac Schlesinger* and *A. G. Shannon,* for the appellee.

No testimony introduced by plaintiffs shows any acknowledgment of title in plaintiffs or any one else by defendant. Plaintiffs never set up any claim to the land in question until after August, 1884.

The intents and acts of the Morrises show an adverse possession. *Ford* v. *Wilson,* 35 Miss. 502.

But admitting that Morris did not hold adversely to plaintiffs, certainly no relation of landlord and tenant subsisted, and if his wife *claimed* adversely she did not hold in acknowledgment of plaintiffs' title, and though she may have claimed only such title as her husband had, yet claiming *that* to be valid and adverse she was not bound by any acknowledgment of plaintiffs' title by her husband. *Newberg & Anderson* v. *Cowan,* 62 Miss. 572.

COOPER, C. J., delivered the opinion of the court.

It is manifest by the evidence that the possession of the defendant was adverse to the plaintiffs, and under such circumstances an action for use and occupation does not lie. *Newberg & Anderson* v. *Cowan,* 62 Miss. 570 ; 4 Waite's Actions & Defenses 270.

*Judgment affirmed.*