The judgment is reversed. All the judges concur.

---

EVERS & HUNT, Appellants, v. ELI SHUMAKER, Respondent.

Kansas City Court of Appeals, April 9, 1894.

1. **Frauds and Perjuries:** MODIFICATION OF LEASE: CONSIDERATION: EVIDENCE: PLEADING. A written lease for one year may be modified by a parol agreement, if based on a sufficient consideration; but before evidence can be admitted to prove its existence, it must be declared on in its modified form.

2. **Instructions:** REPUGNANT: IGNORING ONE PARTY'S THEORY. Instructions should not be repugnant, nor ignore the theory of one of the parties.

3. **Written Lease:** MODIFICATION: JURY QUESTION. Whether there has been a parol modification of a written lease unless admitted by the pleadings, is a question for the jury, and the instructions should submit it.

Evers & Hunt v. Shumaker.

4. **Landlord and Tenant**: STORAGE OF RENT CORN: CONSTRUCTION OF LEASE. A reasonable and fair construction of the provisions of the written lease, involved in this case, in the light of surrounding circumstances, required the defendant, and not the plaintiffs, to provide temporary storage for the rent corn on the premises that was reasonably suitable for the purpose, and an instruction carrying a converse idea is condemned.

5. **Burden of Proof**: LEASE AND MODIFICATION: GENERAL DENIAL. In an action by a landlord for the breach of a lease in not paying rent according to a modification thereof, where the answer is a general denial, the burden of proof is upon the plaintiff to establish the lease, the modification and the breach and that he had performed all the conditions of the lease on his part, and defendant could show he had paid the rent, but as to new matter going to avoid the action, he should both plead and prove the same.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*M. T. January* for appellants.

(1) Evidence of payment (or performance) is not admissible under a general denial. *McKyring v. Bull*, 16 N. Y. 297; *Wilkerson v. Farnham*, 82 Mo. 672, *loc. cit.* 678. (2) If then defendant is precluded by his answer from proving payment, nonpayment stands admitted. 18 Am. and Eng. Encyclopedia of Law, p. 253, note 1; *Wolf v. Hall*, 62 Ala. 124. (3) Instruction number 5 is erroneous because it ignores the other issues in the case, and introduces matter wholly foreign to the issues. (4) Instruction number 6 is erroneous because there is no evidence on which to base it and it is on an issue not made by the pleadings. (5) Payment is an affirmative defense and the burden of proof is on him who pleads it. *Yarnell v. Anderson*, 14 Mo. 619; 7 Wait's Actions and Defense, p. 396, sec. 12; 18 Am. and Eng. Encyclopedia of Law, 253. (6) Therefore it was error to refuse instruction number

1 asked by plaintiffs. (7) Instruction number 4 is erroneous because it does not correctly interpret the lease as to the obligation to erect cribs. The duty of erecting cribs was on defendant under the lease.

*W. M. Bowker* for respondent.

(1) Instruction number 4 given for the defendant is correct. The interpretation placed by the court upon the lease is same as made by both plaintiff and defendant, in regard to the building of the cribs. *Fordyce v. Hutton,* 57 Mo. 120. (2) Instruction number 5 is correct and is based on evidence introduced by plaintiff. After defendant tendered plaintiff the rent he was simply a bailee and held it at their risk. 57 Mo. 120. (3) Instruction number 6 is based on the evidence. The corn was placed on rails and was inclosed by rails, and the jury could find from this that the rent corn was placed in a crib. (4) The burden of proof in this case was on the plaintiff to show the breach of the contract for which he was claiming damages. The rule that payment is an affirmative defense does not apply to cases where you have got to allege nonpayment to state a cause of action. *Cleveland v. Crum,* 33 Mo. App. 616; *Knap v. Roche,* 94 N. Y. 329. The rule in determining the burden of proof, is that it is on that party against whom a judgment would be rendered if no evidence was introduced on either side. Applying it to this case the burden of proof certainly would be on plaintiff. 1 Rice on Evidence, secs. 67–69, p. 110; also sec. 92, p. 138. Besides, the real question in this case is not one of payment but the place of delivery of the rent corn. The instructions fairly present the law on the evidence and pleadings of the case. They fairly present the case on theory of both the plaintiff and defendant; if so, the court will not interfere.

SMITH, P. J.—This is an action to recover damages for the failure on the part of defendant to deliver rent corn under the provisions of a lease. There was a trial by the court and jury which resulted in judgment for defendant, from which plaintiffs have appealed.

The errors complained of arise out of the action of the court in the giving and refusing of instructions.

The plaintiffs to maintain the issues on their behalf introduced in evidence a written lease from themselves to the defendant of a certain farm, known as the Madden farm, for one year for the use of which defendant agreed "to give one-third of all the grain to be put in the crib, which includes wheat and corn * * * the granary cribs are to be on the ground rented by the tenant." The plaintiffs further introduced, without objection, evidence tending to show that after the making of said written lease that the plaintiffs and defendant entered into a parol modification of said lease by which the defendant "agreed to deliver the said rent corn in the cribs to be erected by plaintiffs on the part of said farm occupied by the latter.

As we shall reverse the judgment and remand the cause on account of errors hereinafter noticed, it is proper to say that a written lease for a year may be modified by a parol agreement where such agreement is based upon a sufficient consideration. But before evidence can be admitted to prove its existence, it must be declared on in its modified form. *Halpin Mfg. Co. v. School Dist.*, 54 Mo. App. 371; *Bunce v. Beck*, 43 Mo. 266; *Henning v. Ins. Co.*, 47 Mo. 425; *Lentz v. King*, 93 Mo. 513.

It appeared further by the evidence that the defendant placed the plaintiffs' share of the rent corn on rails in the center of the rented premises and

then in that condition tendered it to plaintiffs, who refused to there receive it, on the ground that the defendant was bound to deliver it in the crib at the place specified in the parol modification of the lease. There was also some evidence that the plaintiffs had built such crib for the reception of the corn at that place. It appeared further that the corn, some nine hundred bushels, was hauled away by some unknown persons in the night time and so was lost.

The court, in the plaintiff's instruction number 2, told the jury that "if they believed from the evidence that some time in the fall of 1892 Shumaker agreed to deliver the rent corn in a crib erected on that part of the Madden farm occupied by Evers and Hunt, and that to carry out said agreement Evers and Hunt built a crib on their part of the farm, then it was the duty of Shumaker to deliver the corn in that crib and a delivery anywhere else would not be good unless accepted by Evers and Hunt, and your verdict should be for plaintiffs." And then declared for the defendant: "*The action is based upon the written lease which has been introduced in evidence.* The court further instructs that by the terms of said lease it became the duty of the defendant to deliver the one-third of the corn raised on the leased premises in a crib thereon. And if you shall further believe from the evidence that plaintiffs neglected to provide defendant with a crib on said premises in which to store plaintiffs' portion of the rent corn, then the defendant had the right to place said rent corn in the center of the field as testified to by defendant. And if you believe from the evidence that he did so place the full amount of said rent corn in the center of the field and tendered the same to plaintiffs or either of them, this would constitute a substantial compliance with the contract of lease on the part of defendant and your verdict should be for defendant."

These two instructions are repugnant. That of defendant is misleading and well calculated to confuse the minds of the jury in respect to the issues in the case. This latter instruction entirely ignores the plaintiff's theory of the case. The action was not on a written lease, but upon a written lease as modified by the parol agreement. If there was such parol agreement then the piling up of the corn in the field was neither compliance nor an excuse for noncompliance, for that agreement required that the corn be delivered by defendant in the crib on another part of the farm. The written agreement as thus modified did not require the defendant to deliver the corn in the crib on the leased premises. Hence the failure to deliver it there was not excused by the omission of the plaintiffs to build a crib on the leased premises, for this they had not bound themselves to do. Whether there was such a parol modification of the lease, unless admitted by the pleadings, would be a question for the jury.

If this instruction were otherwise unexceptionable in its enunciation, as it was not, for reasons which we will presently state, the *italicized* portion thereof should have gone farther and stated that such written lease was alleged to have been altered by a subsequent parol agreement as to the place of the delivery of the corn, or else such reference to the lease should have been omitted altogether. Not only this, but said instruction should have contained a qualification, that if the jury found the facts hypothetically stated therein, their verdict should be for defendant unless they further found that the plaintiffs and defendant had subsequently entered into a parol agreement whereby the place of delivery of the corn had been changed.

But, as already intimated, we are not satisfied with this instruction in another particular, even if there was no parol modification of the written lease. It inferen-

tially appears from the evidence that neither the plaintiffs nor the defendant had more than a leasehold interest in the Madden farm which they were occupying. We can not therefore think, in view of this, that the terms of the lease should be construed to mean that the plaintiffs were to build a crib for the storage of the corn on that part of the farm occupied by defendant. It may have been that there was a crib or cribs on the place which the parties had in mind when they entered into the lease and that the defendant had filled the same with his own corn. But if this was not so, then we think that a reasonable and fair construction of the provisions of the written lease in the light of surrounding circumstances, required the defendant, and not the plaintiffs, to provide temporary storage for the corn on the premises that was reasonably suitable for the purpose; such, for example, as rail pens so commonly used for that purpose in corn producing localities. We think the language of the written lease, already quoted, clearly implies that defendant was to provide suitable cribs for the storage of the corn, if there were none such on the rented premises.

It follows from this that the defendant's fifth instruction, telling the jury that the storing of the corn in the field as stated in defendant's first instruction, was compliance with the terms of the lease on his part, we think, was improper. It does not appear that there was any evidence that defendant had gathered and delivered the rent corn, due plaintiffs, in the crib on the rented premises, and hence the defendant's sixth instruction, telling the jury that if they believed these facts, to find for defendant, should not have been given.

The plaintiffs further complain of the action of the court in respect to the giving an instruction for defendant and in refusing one requested by the plaintiffs in

respect to the burden of proof. As the pleadings were framed, the defendant by his answer having put in issue the allegations of the petition, the burden rested upon the plaintiffs to make out by evidence their *prima facie* case as alleged, else the issue would be found against them. This could be done by proving the execution of the written lease, and if a modification were relied on, by offering suppletory proof of the making of such modification. This, with proof that the defendant had not delivered the rent corn required by the lease, together with the quantity and value of such corn at the time it ought to have been delivered, would no doubt be sufficient to establish the plaintiffs' *prima facie* case.

The burden would rest upon plaintiffs in the first instance to show that they had performed all the conditions of the lease on their part. Under the answer the defendant could show that he had paid the rent without specially pleading that fact according to the rule laid down in *Northup v. Insurance Co.*, 47 Mo. 435, and the cases that have followed it. If the defendant relied upon any new matter going to avoid or defeat the plaintiffs' action, he would be required to both plead and prove the same, unless admitted by replication. What has just been said we think is sufficient to enable both parties at another trial of the cause to understand our views in respect to the burden of proof.

The judgment will be reversed and the cause remanded. All concur.