## WEIR v. COOPER.

[84 South. 184. In Banc. No. 21088.]

1. LANDLORD AND TENANT. *When tenant on shares abandons his contract, landlord may sue for damages.*

   An action for damages for breach of share-crop land contract accrues to the landlord against the tenant when the latter abandons the contract and thereby makes performance impossible.

2. LANDLORD AND TENANT. *No suit lies for rent before it is due; on abandonment of performance of share contract landlord may at once sue for breach.*

   A landlord cannot sue his tenant for rent before it is due, but abandonment of performance by tenant terminates the contract and is a breach for which the landlord may sue at once.

APPEAL from Circuit Court, Benton County HON. J. L. BATES, Judge.

Suit in justice court by John Weir against S. H. Cooper. On appeal to the circuit court, there was a peremptory instruction for defendant, and plaintiff landlord appeals. Reversed, and case remanded.

15—122 Miss.

*LeRoy Kennedy,* for appellant.

"Breach by renunciation," justifies and terminates the contract and entitles the injured party in treating the contract as at an end and authorizes the bringing of suit at once. See subject, "Contracts," 9 Cyc., pp. 635 and 636. Treating the subject from another angle, the same author says, "making performance impossible, the contract is discharged and the injured party may so regard it, and sue at once for the breach." 9 Cyc., pp. 639, 640, 641, and 698. This contract was wholly dependent on appellee for its life, he deserted it and it died and desertion at that time of the year was fatal and final. Appellee not only refused to carry out his contract but he actually entered into a contract to do public work, and moved off the rented premises, carrying all his effects with him. Certainly the landlord could not be held to the contract, under such conditions as these; the contract was ended, it had been violated by appellee, Niomnibus could not be subject to further obligations between the parties; the maxim, that "No man can make a wrong and himself take advantage of it" has peculiar application here; if then it be true that the breach of this contract ended it, then it necessarily follows that appellee had no rights at all under it. In other words, appellee cannot be allowed to abandon his contract for one purpose, and hold on to it for another. He cannot kill his contract by his own voluntary act, and so declare its death (as in this case), and afterwards revive it to suit his convenience. Appellant tried to get hand to work the land but failed. For the purpose of this case, all the evidence in this record must be taken as true. What kind of standing then, has appellant, in this court? With this record staring him in the face, reciting over and over again and again the fact that you have no contract, you said yourself that you were going to move from off the place any way at all hazards, and furthermore you did actually move off, and leave the landlord

without labor, and without help; with no prospects of getting the place farmed so late in the year. The judgment in this case is especially wrong. Since the landlord was to get his rent out of the crop to be made, while the tenant openly stated to the landlord, and even to the court, that he does not intend to make any crop, this record fairly bristles with his defiance, makes no concealment of his intention to abandon the premises, and his contract to farm the land offers no excuse, except that he can make more money on public works. Is it possible that a man can thus defy the law, defer settlement with his landlord, until he has disposed of his estate, take himself, his family and possessions beyond the jurisdiction of the state, while appellants sit supinely by and see his defeat fully accomplished, etc?

As to the right to sue on contracts, like the one at bar, we refer the court to *Broti's case,* 1 Amer. Rep. 516; *Holloway's case,* 7 Amer. Rep. 208; *Howard's case,* 19 Amer. Rep. 285; *Mansfield's case,* 113 Mass. 350. In *Higgin's case,* 13 L. R. A. (N. S.), this subject is fully discussed to which I respectfully invite the attention of the court, together with the notes thereto. It is absolutely out of the question to even think of a rule of law tying the landlord to a principle like the one here announced. If the rule of law announced by the lower court in this case is adopted by this court, the Good Lord only knows what will become of a landlord; under this rule any tenant, becoming dissatisfied with his contract, deciding that he might get a better bargain with some other person could desert the premises, breach his contract, remove himself and property off the place, or out of the state, if you please, and say to his landlord, I cannot say just whether I will pay the rent under my contract, or not, as I have until December to decide the matter, etc. True, I have rented the premises, and have begun work under the contract and it is also true that I

have contracted to give my landlord a part of the crop for the use of his place, and in like manner have declined to farm the and at all, and decided not to make a crop, these things I have fully decided on and am fully committed to the idea of abandoning my· contract and deserting my premises; the law gives me the right to do these things and am simply claiming my legal rights under the law. This is in reality what the judgment of the lower court means; such cannot be the law, and I sincerely hope to see it decided by this Honorable court.

*B. N. Knox,* for appellee.

I think the learned trial court was absolutely correct in the ruling just referred to. If a tenant deserts the premises and fails to carry out his contract, it is the duty of the landlord to exercise ordinary diligence and "reasonable expense" to relet the premises and minimize the loss. The loss cannot be estimated or be known until the lease had expired. The plaintiff would not be allowed to enter suit immediately after the abandonment and to recover anticipated damages before the lease expires. I have read counsel's authority in 9th Cyc., pp. 635 and 636 on Renunciation. Certainly counsel has not distinguished between an executed and an executory contract. This authority states, in a few words, that the landlord would have a right to bring his suit where the tenant renounced the contract before the time arrived to enter upon the lease. It is executory in its nature. The case at bar is entirely different. Appellee had entered upon the premises. Page 635, F. 2, 9th Cyc., states: "Breach by failure to perform can only take place at or during the time for performance." If a party lease certain premises, to begin at a specified time, and renounces the contract before the time to begin the tenancy, then the landlord may institute suit for the resulting damages at once. I think the matter

before this court is governed entirely by the law as laid down in 24th Cyc., pp. 1198 and 1199. There it is stated that "although a tenant abandon the premises before the expiration of the contract, the landlord has no right of action for the rent until it falls due under the contract," and "no action to recover rent upon a lease from year to year which fixes no time for the payment of the rent can be maintained until the next day." In the case at bar there was no fixed time for the payment of the rent. In a leasing by the month, for a specified sum, the landlord might bring an action for each month, then in arrears at the time of entering the suit, but if the lease is for, say, a year, with a stipulation that the rent is for a certain stipulated sum and the lease is abandoned, the action cannot be brought until the time for the lease expires. It would be the landlord's duty to minimize the damages if he could reasonably do so. To illustrate: If, A. rents premises to B. for a year, B. enters into possession and holds same for six months, the rental value is thirty dollars per month; at the end of six months B. abandons the premises. It is then the duty of A. to use ordinary diligence to relet the premises. If he fails in this, he may maintain an action at the end of the year for the six month-period that the premises lay idle or vacant, for the thirty dollars per month; if there was no stipulated sum as in this case, then at the end of the year he might institute and maintain a suit for a reasonable rental value of the premises for the time that the premises were vacant on account of the abandonment by B.

In order that the doctrine of renunciation may have effect, the renunciation must be made before entry into possession. If a reletting is made, but for a sum smaller than that contracted for by tenant, then the tenant is liable only for the difference in the amount of the original contract and that amount actually received under the re-letting.

In reply to appellant's contention that he had a right to bring the suit at the time he did bring it, i. e. before the expiration of the lease, I refer to Lawson on Contracts, paragraphs 439, 440, page 478 and 478, which shows that the renunciation must take place before date of entering upon performance. Appellee, in this case had until the last minute of the last day of the year 1919, within which to pay the rent for these leased premises. The suit was instituted in May. I submit that it was brought prematurely and the court was correct in dismissing plaintiff's suit. 24 Cyc., pp. 1198, and 1199.

Counsel for appellant on the last page of his brief states to this court that if this be the law, that the "Good Lord only knows what is to become of the landlord." This court is not going to decide cases on supposition of what may happen in the future. It is not incumbent upon the court to even state whether it is a good or bad law, but as it has been handed down as the law from time almost immemorial, almost unquestioned, and is sound in its principles, this court will not unnecessarily deviate from its course in order to make the change in the law, fervently requested by counsel for appellant. It may be that the plaintiff has a good cause of action and one on which he should recover damages, if suit had been maturely brought. Or it may be the appellee may have a good and meritorious defense, which he would interpose to the suit, when same is brought maturely. Of this, this court has nothing to do—the trial court had nothing to do, and until the matter is brought before the court in that light, the court will not consider the phase of the case at all. I submit that the trial court was correct in the ruling dismissing the plaintiff's suit, and that the case should be affirmed.

Holden, J., delivered the opinion of the court.

The appellant, Weir, as landlord, rented to the appellee certain land to cultivate for the year 1919, for the

use of which it was agreed that the landlord should receive one-fourth of all that was produced or grown thereon. The tenant, Cooper, moved upon the land and began its cultivation, but in the month of May, long before the maturity of the crop, he abruptly abandoned the contract and moved off of the land. The reason he gave for renouncing the contract to make a crop and deliver one-fourth of it to the landlord was that he could make more money as a laborer on public work. Immediately after the breach of the contract and removal by the tenant, Cooper, the appellant, Weir, entered suit in the justice of the peace court against Cooper for damages for breach of contract. The case was appealed to and heard in the circuit court, where the judge granted a peremptory instruction for the appellee, Cooper, on the ground that the suit was prematurely instituted; that is, that the suit could not be brought until the end of the year, when the rent would become due. This appeal is prosecuted by the landlord, Weir.

It is true that a suit by the landlord against his tenant on a contract for rent cannot be maintained until the rent is due, but we do not think this is such a case. The suit here is grounded in an action for damages for the breach of the contract wherein the tenant agreed to cultivate the land and deliver to the landlord one-fourth of the products in payment for its use. When the tenant breached the contract by abruptly refusing to cultivate the land and moving off of it, the right of damages for abandonment of performance immediately accrued to the landlord. Since the tenant by his breach made the performance of the contract impossible, the contract was thereby terminated, and the injured party, the landlord, had a right to so regard it and sue at once for damages for the breach. Under these circumstances it was not necessary for the landlord to wait until the end of

the year because the right of action accrued at the time the performance was renounced. 9 Cyc. 635 and 639.

This suit was filed by the landlord immediately after the tenant had abandoned his contract, which was in the month of May, and the measure of damages to the landlord at that time may be difficult to define; but we are not concerned with this phase of the controversy, because the question is not presented on this appeal.

The lower court erred in its decision that the appellant had brought his suit prematurely.

The judgment is reversed, and the case remanded.

*Reversed and remanded.*