CLIFTON v. HESTER.*

(Division A. June 1, 1925. Suggestion of Error Overruled July 2, 1925.)

[104 So. 609.  No. 24916.]

LANDLORD AND TENANT. *Damages for failure to plant too speculative, where tenant on shares had option as to planting.*

Where lease of land, reserving as rent share of crops which tenant
  might raise thereon, contains no provisions as to character of
  cultivation, acreage to be devoted to particular crops or to be
  planted, damages for failure to plant any crop are too speculative.

*Headnote 1. Landlord and Tenant, 36 C. J., section 1952 (Anno).

APPEAL from chancery court of Monroe county.

HON. ALLEN COX, Chancellor.

Suit by W. H. Clifton against Charles Hester, administrator. Bill dismissed, and complainant appeals. Affirmed.

*W. H. Clifton*, for appellant.

The claim is in proper form for probate, for the written statement of the account, with the written contract or lease attached, is all that the statute requires. If the lease required any explanation, which we doubt, that explanation is given full and complete in the written statement of the account. *Foster* v. *Schaffer, Adm'r,* 84 Miss. 197; *Wells* v. *McCollough,* 113 Miss. 401.

The written contract is a lease and created the relationship of landlord and tenant. *Schlicht* v. *Callicutt,* 76 Miss. 487. Under this written lease the defendant's intestate, the tenant, is liable for rent, whether he occupies the premises or not. *Steir* v. *Surget,* 10 Am. & E. 154.

Unless the learned special chancellor had in his mind that a recovery on this contract would be the allowance of profits which were too remote under our law, we confess we have been unable to comprehend the reasons for dismissal of the bill. There is nothing said about the profits in the demurrer, and surely that question could not be raised by the demurrer as the bill affirmatively shows that the amount of profits or benefit necessary to make appellant whole, was so covered by the terms of the contract itself as to make it a mere matter of calculation. *Newberger & Anderson* v. *Cowan,* 62 Miss. 572.

The very terms of this lease fix a rule or basis by which the court can, by a mere calculation, determine

what will be a reasonable rent: i. e. one-fourth of the cotton and cotton seed and potatoes and one-third of the corn raised that year on this farm. Section 2876, Revised Code 1906, section 2347, Hemingway's Code.

As was said by Judge TARBELL in *Thrasher* v. *Gillespie,* 52 Miss. 843, where the terms of the lease bound the tenant to pay five dollars per acre for the land cultivated: "The jury were told that unless there was a certain fixed amount of rent due they would find for the plaintiff." This is not the law. "The jury should have been instructed that the rent should be fixed and certain, or capable of being made so by calculation." See, also, *Trigg* v. *Clay* (Va.), 13 S. E. 435; *The Ragsdale Case,* 46 Miss. 483; *Union Tel. Co.* v. *Clifton & Eckford,* 62 Miss. 307; *White et al.* v. *Leatherberry et al.,* 82 Miss. 103.

The proof as to what this particular land would have reasonably produced can be made much more certain than these general averages. So much more definite as to exclude all uncertainty as to whether any such gain would be derived by the plaintiff at all. *Beach* v. *Johnson,* 102 Miss. 419.

There is no doubt, if the contract had been performed, but that appellant would have derived a benefit from its performance. This being true we are entitled to develop the case by proof of the value of this benefit.

*C. L. Tubb,* for appellee.

The original bill and the amended bill both show that the rent contract, which was probated by appellant in this cause, was for one-third of the corn, one-fourth of the cotton and sweet potatoes, that would be raised on the land during the year 1923, and the bill also shows that there were no crops produced on the land for the year 1923, and is not for a sum certain and fixed, as shown in the exhibit, or probated account, and the said probated account does not conform to the requirements of section 1774, Hemingway's Code, which requires a

statement of the claim in writing signed by the creditor, which was not done in the case at bar.

The bill filed with the exhibit shows that the appellant is claiming an action for damages solely, which is not permissible. See *Feld* v. *Borodofski,* 87 Miss. 727, 40 So. 816; *Lehman & Co.* v. *Powell et al.,* 49 So. 622.

If the appellant had any right under the contract for rent, he certainly has not complied with the rule of the above statute in probating the account, and appellant cannot be permitted to go into the realms of speculation and set up such a bill as he has done in this case and sue for damages. *McNeill* v. *Lea,* 79 Miss. 455.

The exhibit in this case at bar does not show any liability whatever, and I think the learned chancellor was correct in sustaining the demurrer and dismissing the bill of his own motion. *Grenada Gro. Co.* v. *Tatum et al.,* 74 So. 286.

COOK, J., delivered the opinion of the court.

The appellant filed a bill in the chancery court of Monroe county against the administrator of the estate of J. T. Hester, deceased, seeking to recover the rent reserved in a certain lease contract. A demurrer to this bill was sustained, and thereupon complainant filed an amended bill averring that, for the year 1923, he leased to the said J. T. Hester certain farm lands for a reserved rent of one-third of the corn and one-fourth of the cotton and sweet potatoes which might be raised thereon by the tenant; that the said J. T. Hester took possession of the houses and premises and occupied and used the same during the year 1923, but, contrary to the covenants of the lease, he did not cultivate any of the land, although there were twenty-five acres of arable land on the leased premises; that the reasonable value of complainant's share of the crops if the land had been cultivated would have been seventy-five; that the rent reserved is capable of being fixed and made certain by ascertaining the amount of the crops that could have been reasonably

grown on the land if the same had been cultivated as required by the covenants of the lease, and by a calculation of the market value of these crops; and the prayer of the bill was for a decree for reasonable damages for the use and occupation of the land by the decedent. A statement of an account against the decedent's estate for seventy-five, dollars as the reasonable value of complainant's share of the crops that would have been grown on the land if the same had been cultivated, with the lease contract attached thereto, was duly probated and allowed, and was attached to the bill of complaint as an exhibit thereto. A demurrer to this amended bill of complaint was sustained, the bill dismissed, and from this decree of the court below this appeal was prosecuted.

This is not a suit for the reasonable value of the use and occupation of the premises, but is a suit upon a probated account and lease contract for the value of one-third of the corn and one-fourth of the cotton and potatoes that would have been raised on the demised premises if the same had been cultivated. It is not necessary to here decide what would be the measure of damages where one commits a total breach of his contract to cultivate lands of another to a specific crop upon shares, or as to whether the value of the landlord's share of a specific crop may be rendered sufficiently certain in such a case, since the contract here involved contemplates and requires that crops of corn, cotton, and potatoes shall be raised on the land, but contains no provision whatever as to the acreage that shall be planted to either crop. The bill charges that there are twenty-five acres of arable land on the demised premises, but under the contract the tenant might have planted and cultivated twenty-four acres in corn, one-half acre in cotton, and one-half acre in potatoes, or twenty-four acres in cotton, one-half acre in corn, and one-half acre in potatoes, or such other proportion as he might see fit. The contract contains no provision whatever as to the character of cultivation that should be given the crops, the acreage that should be planted, or the acreage that should be devoted to any one

crop. The amount of yield from any crop is dependent upon the character of the soil, the nature and character of cultivation, the diligence of the tenant, the ravages of insects, and other contingencies, and where no crop is planted, it is at best very uncertain as to the amount of yield that would have resulted if the land had been cultivated, but where, as here, no crop was planted, and the tenant had the right to determine the amount of acreage that should be devoted to several crops, proof as to the value of the probable yield if the land had been planted and cultivated would be too speculative to support a decree for the value of the landlord's share of such crops.

The decree of the court below, sustaining the demurrer and dismissing the bill, will therefore be affirmed.

*Affirmed.*