SLEDGE *v.* POTTS.

(Division B. October 27, 1947.)

[32 So. (2d) 262. No. 36528.]

J. W. Conger, of Winona, for appellant.

Chas. **A. Pollard** and **Means Johnson,** both of Greenwood, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Sledge bought suit for the reasonable value of the rental of certain farm lands in Tallahatchie County. Demurrer was sustained and appeal allowed. He had entered into a written contract with Potts, dated October 19, 1943, whereby the latter agreed to purchase the lands for the sum of $7,020. Of this amount $1,000 was agreed to be paid in cash on November 1, 1944. The contract further provided that:

"If for any reason the said Potts shall be unable to perform his part of this contract by making the said pay-

ment of one thousand dollars on November 1, 1944, then in that event he shall pay to said Sledge as rent on said property one-fourth of all cotton and one-third of all corn and a reasonable rent for any and all other crops grown on said land for the year 1944, and this contract shall be null and void. Said Potts is now in possession of said land and is to remain in possession thereof under the terms and conditions hereof.''

On May 27, 1944, Potts wrote Sledge a letter advising that he was abandoning the place. He had agreed to pay taxes thereon for the year 1944. As stated, suit is for the reasonable value of the rental thereon for the year 1944.

At the outset, we must recognize that the value of the several crops to be planted is not susceptible of exact computation for the reason that neither the allocated acreage, nor the value of its respective produce, is determinable. Such uncertainty is seized upon by the tenant to justify immunity from liability for any loss caused by his abandonment. Clifton v. Hester, 139 Miss. 524, 104 So. 609, 39 A. L. R. 1355, is sought as a refuge against the landlord's demand. Yet, this case expressly explained that it was not a suit for reasonable rental nor a suit involving a complete abandonment by the tenant. We do not find it to mean that a tenant may by his own act at once abandon both the land and the liability.

A tenant upon shares under a farming contract is under legal duty to cultivate the land. Haack v. Martin, 3 D. L. R. 19, 15 B. R. C. 559 (Annotation at p. 597); Tiffany, Landlord & Tenant, Section 119, p. 784; Wheat v. Watson, 57 Ala. 581. The extent and manner of cultivation, and the acreage allocated respectively to suitable crops, is addressed to the wisdom and standards of good husbandry to which the tenant must conform. Payment for the use of the land is contemplated, and liability therefor integrated into the contract. The option of a landowner to suffer loss by a concession to a flagging zeal, or the indulgence of a comfortable indolence, is not available to

a sharecropper whose obligation to pay is measurable by a reasonable expectation of both parties of a diligent tillage from whose fruits the landlord expects compensation.

Where there is no written contract, a tenant has been held liable for a reasonable rental. Newberg v. Cowan, 62 Miss. 570; Sutton v. Graham, 80 Miss. 636, 31 So. 909. There is no reason to support a view that under a written contract, as here, the obligation should be otherwise. Weir v. Cooper, 122 Miss. 225, 84 So. 184; Wheat v. Watson, supra.

The mere uncertainty as to the amount of profits is not an insuperable obstacle to a reasonable assessment of damages. Hawkins Hardware Co. v. Crews, 176 Miss. 434, 169 So. 767; Montgomery Ward & Co. v. Hutchinson, 173 Miss. 701, 159 So. 862; Mississippi Power & Light Co. v. Pitts, 181 Miss. 344, 179 So. 363; Wheat v. Watson, supra; A. L. I., Restatement of the Law of Contracts, Sec. 331; Haack v. Martin, supra, with Annotation pp. 567, 597. See also Annotation to Clifton v. Hester, supra, 39 A. L. R. 1357. Liability for at least nominal damages would render the declaration invulnerable against demurrer. 15 Am. Jur., Crops, Section 80, p. 263. Moreover, Code 1942, Section 900, would afford the remedy if there were a lease, while Section 899, as supported by Sutton v. Graham, 80 Miss. 636, 31 So. 909, would confront appellee if he could undermine the contract as such.

Wherefore, the demurrer ought to have been overruled. The cause is remanded to allow plaintiff to prove, if he may, the breach and such damages as may reasonably be assessable in accordance with the principles herein set forth.

Reversed and remanded.