## CLARK v. PATZACK.

No. 34442. Oct. 28, 1952.

*249 P. 2d 981.*

Herbert K. Hyde and Lee Williams, Oklahoma City, for plaintiff in error.

Porta & Weaver, El Reno, for defendant in error.

JOHNSON, J. This action was commenced by Nettie C. Patzack, hereinafter called plaintiff, against defendant, George W. Clark, Jr. The cause was tried to a jury. Judgment was rendered for plaintiff, and defendant appeals.

Plaintiff alleged in her first cause of action that the defendant owed her $62.30 for expenses due for former litigation in an estate case. In the second cause of action plaintiff sought rents due for wheat, oats and pasture lands.

Defendant filed an answer admitting the amount due in the first cause of action, but denied that he owed any rents for oats or pasture and alleged that he had paid the amount due for wheat in the sum of $87.50.

The case was tried on these issues and it was stipulated that the defendant owed the $62.30 for expense of litigation as alleged in the first cause of action and that the plaintiff had received $87.50 for rentals for wheat. There was no proof of any amount due for pasture. The evidence offered for the defendant was to the effect that the oats were not worth harvesting and none were harvested. This issue was injected by the defendant. Plaintiff offered testimony to the effect that 50 or 55 acres of oats were planted. Witnesses testified this oat crop made between 12 and 20 bushels per acre. There was some evidence that the crop was harvested and some evidence the defendant turned his cattle on the oats and that the crop was destroyed. A jury returned a verdict for $512.50 in addition to the instructed verdict of $62.30 on the first cause of action.

The defendant does not challenge the sufficiency of the evidence to sustain the verdict. In a single issue he argues that the court submitted to the jury, and the verdict is based on, a cause of action not sued upon. The court instructed the jury that plaintiff was entitled to recover one-third of the value of the oats and wheat whether the oats were harvested or not and that it was the duty of defendant to harvest the crop or account for any oats that he harvested or that could have been harvested.

There was no error in giving the instructions to the jury. In discussing the right of a landlord to recover for rents, the rule is stated as follows in 15 Am. Jur. Crops, Sec. 52:

"The general rule is that the landowner may recover damages for the breach of a cropping contract when the cropper fails to plant a crop, or when he abandons the land after planting and refuses to take care of it. If failure to plant or cultivate the crop is due to conditions over which the tenant or cropper has no control he is not liable. When a cropper or tenant on shares fails to harvest his crop or fails to harvest and deliver the landowner's share at the time and in the manner specified in their agreement, the landowner may recover for any injury to his share which results from this breach of duty. * * *"

In an annotation on this subject following Clifton v. Hester, 139 Miss. 524, 104 So. 609, 39 A.L.R. 1355, said annotation, commencing at page 1357, it is stated:

"When a cropper or tenant on shares fails to harvest his crop, or fails to harvest and deliver the landowner's share at the time and in the manner specified in their agreement, the landowner may recover for any injury to his share which results from this breach of duty. Johnson v. Bryant (1895) 61 Ark. 312, 32 S. W. 1081; Sims v. Hammons (1922) 152 Ark. 616, 239 S.W. 19; Caruthers v. Williams (1893) 53 Mo. App. 181; Evers v. Shumaker (1894) 57 Mo. App. 454; Dalton v. Eaton (1923) ....Sask...., (1923) 2 West Week Rep.

142; Graviston v. Johnston (1905) ....Sask...., 2 West L. R. 81."

Under the overwhelming weight of authority as disclosed by the above citations, the question of the proper care and harvesting of the crop of oats in the case under consideration was presented by the action to recover for rent; and whether the oats were harvested, or not, and whether, when harvested, the defendant delivered plaintiff her share, were questions of fact for the jury.

This is the single issue presented by defendant.

Judgment affirmed.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, and O'NEAL, JJ., concur.