STABLEFORD *v.* SCHULINGKAMP.

Oct. 12, 1953

No. 38864          38 Adv. S. 20          67 So. 2d 306

*Laub, Adams, Forman & Truly*, Natchez, for appellant.

*Brandon, Brandon, Hornsby & Handy*, Natchez, for appellee.

Etheridge, J.

The key issues in this case are whether this is (in part) an action for rentals to become due or for damages for anticipatory repudiation of contract, and if the former, whether appellee-complainant is entitled to recover future installments of rent as well as those past due.

On May 19, 1951, Mrs. Ella Louise Spencer Schulingkamp, appellee and complainant below, filed a bill of complaint in the Chancery Court of Adams County against L. B. Stableford, appellant-defendant. Since the case was decided by the trial court overruling appellant's special demurrer and petition to dismiss the bill, for the purposes of this opinion we will assume the facts which are well pleaded to be true.

Complainant is a citizen of Louisiana and defendant Stableford is a citizen of Illinois. On August 1, 1944,

Mrs. Schulingkamp executed to Allied Pipe Line Corporation, whose president was appellant Stableford, a lease for the surface rights to approximately 20.38 acres of land south of Natchez, Mississippi. The lessee corporation was to use the land for oil storage tanks and related purposes. The lease was for a period of twenty years from August 1, 1944. For the first ten years the annual rental, payable in advance on the first day of September of each year, was to be $1,020, and for the succeeding ten years the annual rental payable in the same manner was to be $1,320. Apparently the rentals were paid for six years by lessee. On May 27, 1949, the corporation lessee assigned the lease to appellant Stableford, with the consent of the lessor Mrs. Schulingkamp.

The bill charged that appellant had failed to pay the rent due on September 1, 1950, that appellee had requested appellant to pay such rent but appellant had refused, and that appellant is indebted to her for the rent due September 1, 1950; and the bill asks for a judgment against defendant for that amount.

Paragraph 6 of the bill averred that appellant would become obligated under the lease contract to pay appellee the stated rentals on September 1, 1951, through September 1, 1963, being a total of $16,260, in addition to the past due rent which was payable on September 1, 1950. The bill then charged: "that the said defendant has indicated by communications to your complainant and by his act and conduct that it is his intention not to pay any of the installments of rent that are to accrue in the future under the terms and provisions of the indentures, Exhibits 'A' and 'B' hereto, (lease and assignment) and that it is his intention to default on each of the payments as the same mature and refuse to pay the same; and, accordingly, she now charges and avers upon information and belief which she verily believes to be true that it is the intention and determination of the defendant to default in the payment of each of the subsequently maturing

annual installments of rental and to refuse to pay the same as the same become due and payable.'' It was therefore averred that appellee was entitled to be secured against such acts of default and against appellant's willful failure to abide by the terms of the lease and against his obligation to promptly pay the annual rentals as they become due and payable, and that appellee is entitled to a decree adjudicating appellant's liability under the contract to promptly pay the annual rentals ''and to require him so to do at this time in view of his evidenced intention to refuse to make the payments as the same become due.'' Unless this is done, the bill stated, it would be incumbent upon appellee to bring annual suits against appellant, and since appellant is a nonresident, appellee would be forced to bring suits in other jurisdictions, which would result in hardship, loss and damage to appellee.

Paragraph 7 of the bill charged that the subsequently accruing installments of rent ''constitute present obligations and items of indebtedness of the defendant unto the complainant,'' although under the terms of the lease they ''are not yet due and payable''; that appellant has breached the provisions of his agreement so assumed by him; and that the nature of the assets and properties which appellant has in this state are such that they will rapidly deteriorate in value with the lapse of time, and are such that may be readily disposed of by appellant. Appellee ''feared'' that appellant would dispose of the same, and if this should occur appellee would be hindered in the collection of the annual rentals. The bill asked the court to determine ''the amount due and to become due,'' and for a judgment not only for the amounts due but also for those which are to become due, discounted at an interest rate of six per cent per annum, and for judgment for the entire amount of all rentals so computed, including those due and to become due; and this is necessary to prevent a multiplicity of suits.

The remaining paragraphs of the bill, Numbers 8 and 9, then charged that appellant was a nonresident, identified certain real estate owned by appellant and certain residents indebted to appellant, and asked for a chancery attachment against the property and against them under Code of 1942, Sections 2729 and 2730, to satisfy the judgment. The bill prayed that on final hearing a judgment be rendered for appellee against appellant "under the allegations of this bill," and for general relief.

As part of appellant-defendant's answer, he filed on October 5, 1951, a special demurrer directed to the above-described Paragraphs 6 and 7 of the bill of complaint. Its basis was that appellee's bill "sets up a cause of action based on installments of rent averred in the bill to accrue in the future and that this cause of action is brought prematurely"; that Paragraphs 6 and 7 of the bill ask for a declaratory judgment which the court did not have jurisdiction and power to grant; and that there is no special prayer contained in the bill specifying the particular relief sought.

On December 7, 1951, before a hearing was had on the special demurrer, appellant filed with the clerk of the court and made a tender of the rents which had accrued for September 1, 1950, and 1951, with interest thereon to that date, together with accrued costs. Appellant filed a pleading designated "tender and petition for dismissal," stating that the aforesaid tender "is an unequivocal tender of money admitted to be due for installments of rent due September 1, 1950, and September 1, 1951, under the contract sued on . . ." and the money was tendered into court for payment to complainant under court order. Hence the petition for dismissal prayed that the court would render a decree ordering payment of this money to appellee, and dismissing the bill of complaint except as to that part of it dealing with installments already due. On February 8, 1952, the chancery court

overruled appellant's special demurrer and petition for dismissal, and allowed an interlocutory appeal.

■■ A right of action for damages for breach by anticipatory repudiation of a lease or rental contract has been recognized in Mississippi and in many other states, with a number of other states denying it. Weir v. Cooper, 122 Miss. 225, 84 So. 184 (1920); 32 Am. Jur., Landlord and Tenant, Section 158 and Supplement; 51 C. J. S., Landlord and Tenant, Section 250, p. 883; Anno., Doctrine of Breach by Anticipatory Repudiation of Contract as Applicable to Lease, 137 A. L. R. 432, 439 (1942). In such an action the damages in most cases would be measured by the difference between the rent reserved in the lease for the unexpired term and the reasonable rental value of the premises for such term or the actual rent reserved on a reletting of the premises for such term. 137 A. L. R. 432, 439. But this bill does not present that kind of action. It is a suit for rent under a lease, asking a recovery for both the installments past due and the twelve installments to become due, through September 1, 1963.

The complainant first asks for recovery of past due rents, and in Paragraph 6 requests that appellee be secured against appellant's further default on rentals by a judgment adjudicating appellant's liability for them and requiring him to pay the rentals at this time "in view of his evidenced intention to refuse to make the payments as the same become due." The bill charges that the installments of rent "constitute present obligations . . . although the same . . . are not yet due and payable." It asks that the Court determine "those amounts (of rent) which are not yet due," properly discounted.

In other words, appellee seeks a judgment for rentals under the lease, including those not yet due. She does not ask for damages for anticipatory breach of the contract, which would be measured by the above test, nor for

cancellation of the lease. Appellant is apparently still in possession. Nor does the bill charge in clear and positive terms that appellant has repudiated the contract. It states that appellant "has indicated by communications to your complainant and by his act and conduct that it is his intention not to pay any of the installments of rent that are to accrue in the future . . . and . . . that it is the intention and determination of the defendant to default in the payment" of future installments. It asks that appellee be secured against such refusal and that he be required to pay future installments of rent now. Hence this suit is not one for damages for anticipatory breach of contract. It is an action for rentals under the contract, past due and to become due. And it must be considered under the limitations applicable to a suit for rents.

32 Am. Jur., Landlord and Tenant, Section 521, states the rule to be that, "An action for rent can be brought of course only after the cause of action therefor exists as a complete cause of action,—after the cause has accrued. If action is commenced before that time, it is deemed to be prematurely commenced." See also Ibid., Section 527; Weir v. Cooper, supra; 52 C. J. S., Landlord and Tenant, Section 559. Appellee did not attempt to bring this suit under Code of 1942, Sections 910-926, permitting a suit at law for rents to become due upon the lessor making bond and upon other conditions.

A tender of the rent due, followed by a deposit in court of accrued interest and court costs, is a good defense to an action for rent under a lease. 52 C. J. S., Landlord and Tenant, Section 584. Where the suit is based upon the nonpayment of rent, as here, the tenant may defeat the action by bringing his rent into court and making the stated tender. Ibid., Section 737, p. 598; Section 678, p. 525; Section 759, p. 639; 51 C. J. S., Landlord and Tenant, Section 110, pp. 688-689; 32 Am. Jur., Landlord and Tenant, Section 638.

The nature of the relief sought by appellee is somewhat analogous to the enforcement of a forfeiture of all rentals, where the lease contains no acceleration clause. The court would have to write into the contract such a provision. The highly penal nature of that result militates against equity granting it. And it would deprive appellant of the protection which he had under the lease contract for installment rentals, if contingencies should occur, such as failure of title, disturbance by lessor of lessee's possession, and exercise of the police power of the state. 32 Am. Jur., Landlord and Tenant, Section 894, pp. 757-758, states: "A court of equity, even in the absence of special circumstances of fraud, accident, or mistake, may relieve against a forfeiture incurred by the breach of a covenant to pay rent, on the payment or tender of all arrears of rent and interest by a defaulting lessee. The grounds upon which a court of equity proceeds in this connection are: that the rent is the object of the parties, and the forfeiture only an incident intended to secure its payment; that the measure of damages is fixed and certain; and that when the principal and interest are paid, the compensation is complete." See also Ibid., Section 853.

██ Hence the trial court erred in overruling appellant's special demurrer and petition to dismiss the action. Griffith, Miss. Chancery Practice (2d Ed.; 1950), Section 408. The cause is reversed, and judgment is rendered here sustaining the special demurrer and petition of appellant to dismiss, and adjudicating that appellee should recover the sum tendered by appellant.

Reversed and judgment rendered.

*McGehee, C. J.,* and *Roberds, Kyle* and *Arrington, JJ.,* concur.